JAMES L. MCCALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCall v. Commissioner
Docket No. 3880-92
United States Tax Court
T.C. Memo 1993-95; 1993 Tax Ct. Memo LEXIS 97; 65 T.C.M. (CCH) 2113; March 18, 1993, Filed *97 For respondent: Jordan S. Musen. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case is before the Court on respondent's Motion for Partial Summary Judgment under Rule 121(b), regarding additions to tax determined by respondent under section 6653(b) for taxable years 1982, 1983, and 1984. This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 183. [1]
Respondent determined deficiencies in petitioner's Federal income tax for taxable years 1977 through 1984, together with additions to tax. The issues for consideration are: (1) Whether as a result of a conviction after a jury trial for violating section 7201 for taxable years 1982, 1983, and 1984, petitioner is collaterally estopped from denying that he willfully attempted to evade Federal income taxes for those years, and (2) whether we *98 should grant respondent's motion for partial summary judgment upon the issue of whether petitioner is liable for the additions to tax for taxable years 1982, 1983, and 1984 as determined in the statutory notice of deficiency. Summary judgment is a device intended to serve judicial economy through the avoidance of "unnecessary and expensive trials of phantom factual questions". . Under Rule 121(b), a motion for summary judgment is granted when it is shown that "there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The rule provides authority for granting partial summary judgment where an adjudication would not dispose of all the issues in the case. The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact. . In considering a motion for summary judgment, we view the facts in the light most favorable to the party opposing the motion. Id.
In petitioner's reply to respondent's answer, petitioner admitted that he *99 was indicted before a U.S. District Court for three counts of tax evasion; that he was pronounced guilty by a jury for all three counts of tax evasion in violation of section 7201 for taxable years 1982, 1983, and 1984; and that his appeal was dismissed. Judgment was entered against petitioner by the U.S. District Court of the Northern District of Indiana on May 29, 1990, pursuant to findings that in each year petitioner willfully attempted to evade Federal income taxes by failing to file a timely return, by failing to pay income tax to the Internal Revenue Service, and by concealing and attempting to conceal from proper officers of the United States his true and correct income. In respondent's answer, respondent alleged that petitioner is collaterally estopped from denying that he willfully attempted to evade and defeat the income tax due and owing by him for 1982, 1983, and 1984, by reason of his conviction after a jury trial for violating section 7201. Collateral estoppel precludes a party to a suit and his privies from relitigating, in a later suit on a different cause of action, the issues of fact and law which were actually and necessarily decided by the court in reaching *100 its judgment in the first action. ; . The party who raises collateral estoppel has the burden of proving its elements. Rules 39, 142(a); . In this case, respondent must prove that the application of collateral estoppel is appropriate under the three-prong test set forth by the Supreme Court in . Respondent must prove that (1) the issues presented are, in substance, the same as those resolved by petitioner's criminal conviction for tax evasion; (2) that the controlling facts or legal principles have not changed significantly since the criminal trial; and (3) that there are no special circumstances which warrant an exception to the normal rules of preclusion. Respondent has carried his burden of proof. The fraud issue in the present case is the same as the issue which was presented and determined adversely to petitioner in the criminal case. Both the imposition *101 of additions to tax under section 6653(b) and the conviction for violation of section 7201 are dependent upon findings that petitioner willfully attempted to evade and defeat the payment of income tax for taxable years 1982, 1983, and 1984 by failing to file returns for these years and by other affirmative acts. The fraud issues in the present case were actually and necessarily decided in the U.S. District Court when petitioner was convicted on all three counts of tax evasion. Furthermore, we find that the controlling facts and legal principles have not changed significantly since the criminal trial, and no special circumstances warrant an exception to the normal rules of preclusion in this case. Accordingly, we hold that collateral estoppel applies in this case by reason of the prior convictions. , affd. . None of the facts necessary to decide petitioner's liability for fraud under section 6653(b) for taxable years 1982, 1983, and 1984 are in issue, although the amount of the underpayment has not been decided. Respondent's Motion for Partial Summary Judgment *102 will be granted, and petitioner is collaterally estopped from denying that he wilfully attempted to evade and defeat the income tax due and owing by him for 1982, 1983, and 1984. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩